UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY P.,[1]

       Plaintiff,

    v.                                                                  1:20-CV-1478 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## DECISION AND ORDER

Plaintiff Mary P. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 11. The Commissioner responded and cross moved for judgment on the pleadings. Dkt. 13. Plaintiff replied. Dkt. 14.

For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

Plaintiff applied for benefits on December 30, 2016, alleging disability beginning on February 27, 2015.  Tr. 245.[2]  Plaintiff's application was initially denied by the Social Security Administration on March 27, 2017.  Tr. 144.  Plaintiff then filed a written request for a hearing on May 26, 2017, Tr. 166, which took place before an Administrative Law Judge ("ALJ") on June 12, 2019, Tr. 100-126.  The ALJ issued a written decision on July 1, 2019 denying Plaintiff's claim.  Tr. 82-94.  The Appeals Council denied Plaintiff's request for review on August 12, 2020.  Tr. 1-7.  Plaintiff then commenced this action.  Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

The scope of review of a disability determination involves two levels of inquiry.  *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination."  *Id.*  The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act."  *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

---

[2] All references to the administrative transcript (Dkt. 10) are denoted "Tr. ____."  Page numbers for documents contained in the transcript correspond to the pagination located in the lower right corner of each page.

2

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).  The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted).  But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have [her] disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II.   **Disability Determination**

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is in fact disabled. *See* 20 C.F.R. § 416.920(a)(2).  At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment.  *Id.* § 416.920(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two.  *Id.* § 416.920(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments.  *Id.* § 416.920(a)(4)(ii).  If there are no severe impairments, the

3

claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 416.920(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 416.920(a)(4).

As part of step four, the ALJ determines the claimant's residual functional capacity ("RFC"). *See id.* §§ 416.920(a)(4)(iv), (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the claimant's collective impairments. *See id.* § 416.945. The ALJ then determines if the claimant can perform past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant can perform past work, she is not disabled and the analysis ends. *Id.* §§ 416.920(a)(4)(iv), (f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.*

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 416.920(a)(4)(v), (g); *see also*

4

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I.   The ALJ's decision

The ALJ evaluated Plaintiff's claim for benefits under the process discussed above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her application date December 14, 2016. Tr. 84. At step two, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, obesity, adjustment disorder with depressed mood, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), social anxiety, posttraumatic stress disorder ("PTSD"), and panic disorder. *Id.*

At step three, the ALJ found that none of Plaintiff's limitations meet or equal any impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* In making that determination the ALJ considered the following Listings: 1.04 Disorders of the spine, 12.04 Depressive, bipolar, and related disorders, and 12.06 Anxiety and obsessive-compulsive disorders. Tr. 85-86.

At step four, the ALJ determined Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following exceptions:

She can frequently reach with both upper extremities. She can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. She can never climb ladders, ropes[,] and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. In addition, she is able to understand, carry-out [sic], and remember simple instructions, and make simple work-related decisions. She can occasionally deal with supervisors, co-workers, and the public. She can occasionally deal with changes in a routine work setting. She will be off task 5% of the workday. Tr. 86-87.

At the final step, the ALJ found that Plaintiff had no past relevant work, Tr. 92, but that Plaintiff was able to perform the requirements of other occupations in the national economy, Tr. 92-93. As such, the ALJ concluded that Plaintiff was not disabled. Tr. 94.

## II.  Analysis

Plaintiff makes two arguments in support of her motion. Dkt. 11-1. First, she argues that the ALJ "rejected the opinion of [Plaintiff's] treating provider without engaging in the required analysis." *Id.* at 12. Second, she argues that the ALJ's RFC determination was not supported by substantial evidence. *Id.* at 14.

### A. The ALJ properly evaluated non-acceptable medical source opinion evidence in formulating the mental RFC.

"Acceptable medical sources," according to the applicable regulations, include licensed physicians and "[l]icensed or certified psychologists." 20 C.F.R. § 416.913(a). At the time that Plaintiff filed her claim, nurse practitioners were not considered to be acceptable medical sources, but were considered "non-acceptable medical sources" or "other sources." *Id.* § 416.913(d)(1). "[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be

entitled to controlling weight."[3] *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2009)).[4]

Plaintiff argues that the ALJ's "rejection" of the "treating source opinion" of psychiatric nurse practitioner David Pfalzer was "improper because [the ALJ] failed to articulate more than a conclusory reason for rejecting" Pfalzer's findings. Dkt. 11-1, at 14. Plaintiff's argument is without merit.

The ALJ properly assigned "limited weight," Tr. 91, to the opinion of Pfalzer, a nurse practitioner. Although the ALJ noted that Pfalzer "is not an acceptable medical source," *id.*, the ALJ did not improperly discount Pfalzer's opinion solely on

---

[3] "For claims filed before March 27, 2017, the ALJ's decision must account for the 'treating physician rule,'" *Schillo v. Kijakazi*, 31 F.4th 64, 69 (2d Cir. 2022), "which [gives] deference to the opinion of the treating physician," *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *1 (2d Cir. June 17, 2022). The Social Security Administration adopted new regulations effective March 27, 2017, revising the standards for, *inter alia*, the Commissioner's evaluation of medical opinion evidence and effectively abolishing the treating physician rule. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The treating physician rule is codified at 20 C.F.R. §§ 404.1527 and 416.927. Because Plaintiff filed her claim for benefits before the effective date of the new regulations on March 27, 2017, the prior regulations, including the treating physician rule of deference, apply to her application. *See* 20 C.F.R. § 416.927 ("For claims filed . . . before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in [Section] 416.920c apply."). The ALJ considered the medical opinion evidence under the regulatory standards in effect at the time that Plaintiff's claim was filed, namely 20 C.F.R. § 416.927. Section 416.927(f)(1) dictates that, while the ALJ "will consider" all opinion evidence, the ALJ need not defer to the opinion of a non-acceptable medical source.
[4] SSR 06-03p was rescinded effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Because Plaintiff filed her claim prior to that date those revisions do not affect this decision.

7

that basis, as Plaintiff suggests, *see* Dkt. 11-1, at 12. The ALJ considered Pfalzer's opinion along with other evidence in the record to conclude that "the medical evidence in [the] record and the testimony at [the] hearing," Tr. 91, demonstrate that Plaintiff "retains the ability to understand, remember, and carry-out [sic] simple instructions," *id.*, contrary to Pfalzer's findings in that regard, *see* Tr. 907 (Pfalzer opined Plaintiff has "[m]oderate" limitation in "understand[ing] and remember[ing] simple instructions," "carry[ing] out simple instructions," and "mak[ing] judgments on simple work-related decisions.").

    As a non-acceptable medical source, Pfalzer's opinion was not entitled to deference. *See Yucekus v. Comm'r of Soc. Sec.*, 829 F. App'x 553, 557 (2d Cir. 2020) ("The ALJ also properly gave limited weight to [the physician assistant's] medical source statement. Because the statement was written by a [physician's assistant] and was therefore not an acceptable medical source under the then-applicable 20 C.F.R. Section 416.913, it was not entitled to controlling weight or the same degree of deference as a treating physician under Social Security Ruling 06-03P."). In fact, as the Second Circuit held in *Genier*, 298 F. App'x at 108, "while the ALJ is certainly free to consider the opinions of . . . 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, [other source] opinions do not demand the same deference as those of a treating physician."

    Plaintiff's argument that the ALJ should have assigned controlling weight to Pfalzer's "treating" opinion, Dkt. 11-1 at 12, is without merit.

**B. The ALJ's RFC determination is supported by substantial evidence in the record, including medical source opinions.**

The ALJ weighed explicitly five medical opinions in formulating the mental RFC, Tr. 90-91, including the opinion of Pfalzer to which the ALJ gave "limited weight," Tr. 91. The ALJ gave "some weight" to the opinions of state "psychological consultant[s]" G. Kleinerman and M. Marks. Tr. 90. The ALJ also gave "some weight" to the October 2015 and July 2017 opinions of consultative examiner Yu-Ying Lin, Ph.D. Tr. 91.

The ALJ's RFC determination was supported by the opinion evidence cited by the ALJ. First, the RFC limitation "to understand, carry-out [sic], and remember simple instructions, and make simple work-related decisions," Tr. 87, is supported by opinion evidence. *See, e.g., id.* at 139-140 (Kleinerman opined Plaintiff is "[n]ot significantly limited" in "understand[ing] and remember[ing] very short and simple instructions," "carry[ing] out very short and simple instructions," and "mak[ing] simple work-related decisions"), Tr. 155-56 (Marks found "[n]o evidence of limitation" in Plaintiff's "ability to understand and remember very short and simple instructions" and Plaintiff was "[n]ot significantly limited" in "carry[ing] out very short and simple instructions" and "mak[ing] simple work-related decisions"), Tr. 488-89 (Dr. Lin opined in October 2015 Plaintiff "can follow and understand simple directions and instructions without limitations" and "can make appropriate decisions without limitations"), Tr. 578 (Dr. Lin opined in March 2017 Plaintiff "can understand, remember, and apply simple directions and instructions without limitation").

Additionally, the RFC limitations for "occasionally deal[ing]with supervisors, co-workers, and the public" and "occasionally deal[ing] with changes in a routine work setting," Tr. 87, are supported by medical opinion evidence, including the opinion of Pfalzer, finding that Plaintiff is "moderately limited" in those areas. *See, e.g.*, Tr. 140 (Kleinerman opined Plaintiff is "[m]oderately limited" in "interact[ing] appropriately with the general public," "accept[ing] instructions and respond[ing] appropriately to criticism from supervisors," and "get[ting] along with coworkers or peers without distracting them or exhibiting behavioral extremes"), Tr. 156 (Marks opined Plaintiff is "[m]oderately limited" in "interact[ing] appropriately with the general public," "accept[ing] instructions and respond[ing] appropriately to criticism from supervisors," and "get[ting] along with coworkers or peers without distracting them or exhibiting behavioral extremes"), Tr. 489 (Dr. Lin opined in October 2015 Plaintiff is "moderately limited in relating adequately with others"), Tr. 908 (Pfalzer opined Plaintiff has moderate limitation in the ability to "[i]nteract appropriately" with "the public," "supervisor(s)," and "co-workers"). The opinion evidence, again including the opinion of Pfalzer, supports an RFC to "occasionally deal with changes in a routine work setting," Tr. 87, as well. *See, e.g.*, Tr. 140 (Kleinerman opined Plaintiff is "[n]ot significantly limited" in "respond[ing] appropriately to changes in the work setting), Tr. 156 (Marks opined Plaintiff is "[m]oderately limited" in "respond[ing] to changes in the work setting"), Tr. 908 (Pfalzer opined Plaintiff has moderate limitation in responding "appropriately to . . . changes in a routine work setting").

Although a "substantial loss of ability to meet any of [the aforementioned] basic work-related activities would . . . justify a finding of disability," SSR 85-15, 1985 WL 56857, "moderate limitations in work related functioning do not significantly limit a plaintiff's ability to perform unskilled work," *Nathan P. v. Comm'r of Soc. Sec.*, No. 19-CV-954SR, 2021 WL 1139849, at *5 (W.D.N.Y. Mar. 25, 2021) (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)).

Moreover, where the RFC differed from the limitations opined by Plaintiff's providers, the ALJ did not err.  *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  In fact, contrary to Plaintiff's contention that the "highly specific findings in [the] RFC" were not supported by the opinion evidence, Dkt. 11-1, at 15, a "highly specific" RFC limitation need not come directly from any one medical source opinion.  *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) ("Although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity.") (internal quotation marks omitted) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)).

Because the ALJ "applied the appropriate legal standards" to determine disability, and because his determination was "supported by substantial evidence in

the administrative record," remand is not warranted.  *See Sizer v. Colvin*, 592 F.

App'x 46, 47 (2d Cir. 2015).

CONCLUSION

For the above reasons, the Court **GRANTS** the Commissioner's motion for

judgment on the pleadings (Dkt. 13) and **DENIES** Plaintiff's motion for judgment

on the pleadings (Dkt. 11).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:      August 17, 2022
            Buffalo, New York


                            JOHN L. SINATRA, JR.
                            UNITED STATES DISTRICT JUDGE